UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTOM WINDOW COMPANY,<br><br>           Plaintiff,<br><br>v.<br><br>CONSTELLATION PROPERTY GROUP, L.P., *et al.*,<br><br>           Defendants. | Civil No. 09cv625-L(CAB)<br><br>**ORDER EXTENDING TIME FOR SERVICE OF PROCESS** |

On January 13, 2011 the court issued an order to show cause ("OSC") why the case should not be dismissed for failure to prosecute pursuant to Civil Local Rule 41.1. On January 27, 2011 Plaintiff filed a Status Report and the hearing on the OSC was vacated. For the reasons stated below, Plaintiff is granted an extension of time to serve Defendant American Windowall Industries dba AWI, Inc. ("AWI"). If Plaintiff does not timely file a proof of service, the action will be dismissed.

AWI is the only remaining Defendant in this breach of contract action. On September 18, 2009 Plaintiff requested entry of default against AWI. (*See* Docket no. 14).) Default was not entered because of improper service. (*Id.*) On December 4, 2009, Plaintiff again requested entry of default and it was again denied for improper service. (*Id.* nos. 16 & 17.) On May 10, 2010, Defendant David J. Pasternak was dismissed from the case. (Id. no. 29.) After that, there was no activity in the case for eight months. Activity resumed only when the court issued the OSC

January 13, 2011 for failure to prosecute.[1]  This prompted Plaintiff to file the Status Report.

The Status Report asserts that AWI was personally served with process.  No affidavit of service has been filed supporting this assertion.  The proof of service filed July 9, 2009 and again as exhibit to Plaintiff's requests for entry of default on September 18, 2009 and December 4, 2009 respectively, does not support Plaintiff assertion.  Although the proof is titled Proof of Hand Delivery, the attached Declaration of Diligence shows that after several unsuccessful attempts at personal service, the summons and the complaint were not personally served but were posted on the residence of AWI's owner, and were subsequently mailed to the same address.  This manner of service does not comply with Federal Rule of Civil Procedure 4(e).

Failure to properly serve was the reason noted for denying Plaintiff's first request for entry of default on September 18, 2009.  (Docket no. 14.)  Subsequently, Plaintiff did not file any proof of service showing that it correctly served AWI with process.  Instead, it resubmitted the same inadequate proof of service with his second request for entry of default on December 4, 2009.  The request was again denied for failure to properly serve.  (Docket no. 16 & 17.)  Since then, Plaintiff has not filed any other proof of service.

Under Federal Rule of Civil Procedure 4(m), Plaintiff had 120 days to serve AWI.  It provides in pertinent part:

> Time Limit for Service.  If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120-day time period expired in July 2009.

---

[1] The OSC was issued because district courts have the authority to dismiss *sua sponte* "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  Consistent with this authority, Civil Local Rule 41.1(a) provides:

> Actions or proceedings which have been pending in this court for more than six months, without any proceeding or discovery having been taken during such period, may, after notice, be dismissed by the court for want of prosecution, at the calling of a calendar prepared for that purpose by the clerk.  Such a dismissal must be without prejudice, unless otherwise ordered.

In the year and a half since then, Plaintiff has not explained its failure to timely serve and has not requested an extension of time. Instead, in the Status Report on January 27, 2011, Plaintiff requested a 60-day extension of time to serve AWI *with a request for entry of default*. This request is **DENIED** as futile, because Plaintiff has not properly served AWI with process in the first place.

However, the court **GRANTS** Plaintiff a short extension of time to serve AWI with process. No later than **February 28, 2011**, Plaintiff must file an affidavit of service showing that AWI has been properly served with process. If Plaintiff fails to comply with this order, either because the affidavit is not timely filed, because service is not proper, or for any other reason, this action will be dismissed. In light of Plaintiff's substantial and unexplained delay, the court is not inclined again to extend the time for service.

**IT IS SO ORDERED**.

DATED: February 3, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL COUNSEL/PARTIES